## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL GIBB, *et al*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION H-07-329 |
| | § | |
| CITY OF FRIENDSWOOD, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs' motion to alter or amend final judgment. Dkt. 45. Upon considering the parties' arguments and the applicable law, the court is of the opinion that the plaintiffs' motion be DENIED.

### BACKGROUND

On December 6, 2007, the court entered an order and final judgment granting defendant's motion for judgment on the pleadings and dismissing plaintiffs' claims. Dkt. 43, 44. The court dismissed plaintiffs' federal takings claims as unripe and found that plaintiffs had failed to state a takings claim under state law. The court dismissed the federal takings claim without prejudice but dismissed the state takings claims with prejudice. The court also dismissed plaintiffs' equal protection, substantive and procedural due process, Texas Tort Claims Act, and negligent misrepresentation claims with prejudice and plaintiffs' declaratory judgment claims without prejudice.

1

The plaintiffs now petition the court to alter its judgment to dismiss plaintiffs' state takings claims without prejudice.  The plaintiffs argue that because the court declined to hear plaintiffs' federal takings claim, the court had no jurisdiction over plaintiffs' state takings claim.

### Legal Standard

Fed. R. Civ. P. 59(e) allows a party to move the court to alter or amend a judgment no later than ten days after the entry of the judgment.  Amendment of a judgment is an "extraordinary remedy." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  The moving party must present compelling reasons for the court to reconsider its judgment, such as a clear error of law that is "manifestly unjust." *Id*.

### Analysis

The plaintiffs rely entirely on the Fifth Circuit's holding in *Samaad v. City of Dallas*, 940 F.2d 925 (5th Cir. 1991), in which the Fifth Circuit dismissed the plaintiff's federal takings claim as unripe and refused to exercise supplemental jurisdiction over the plaintiff's state-law claims after dismissing the federal claims.  The Fifth Circuit approved the dismissal without prejudice of the pendent state-law claims without discussion, citing to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130 (1966). *Samaad*, 940 F.2d at 942 n.33.

The defendant cites *Urban Developers LLC v. City of Jackson*, 468 F.3d 281 (5th Cir. 2006), in response.  There, the Fifth Circuit dismissed the federal takings claim as unripe against certain defendants, as in *Samaad*. *Id*. at 303.  The court then dismissed the state takings claim on the merits. The court noted that this case differed from *Samaad* because the plaintiffs had stated a "minimally colorable federal claim of deprivation of property without due process . . . providing an independent basis for the exercise of supplemental jurisdiction over the state takings claims." *Id*. at 304 n.16.

Although the court described these other federal claims as "minimally colorable," it dismissed those claims on the merits as well.  *See id*. at 305.

A case must be ripe for a court to have subject matter jurisdiction.  *See Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 297, 99 S. Ct. 2301 (1979) (holding that "abstract questions not currently justiciable by a federal court" are not actual cases or controversies within the meaning of Article III of the Constitution).  When a federal court does not have subject matter jurisdiction over the federal-law claims, it cannot exercise supplemental jurisdiction over pendent state-law claims (absent diversity jurisdiction).  *See* 28 U.S.C. § 1367(a) (stating that a court must have original jurisdiction over the civil action before it can exercise supplemental jurisdiction over related claims); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) (explaining the difference between dismissing claims for lack of jurisdiction and for failure to state a claim, and the effect on supplemental jurisdiction).  Therefore, in a case like *Samaad*, where a court dismisses the only claims over which it would have had original jurisdiction as unripe, it cannot exercise supplemental jurisdiction over the related state-law claims.  In *Urban Developers*, though, the court had subject matter jurisdiction over some of the federal law claims, so the court was able to exercise supplemental jurisdiction over the related state-law claims.

This case is like *Urban Developers*.  This court does not have subject matter jurisdiction over the plaintiffs' federal takings claims because they are unripe.  However, the court retains supplemental jurisdiction over the plaintiffs' state-law claims, including their state takings claim, because the court does have subject matter jurisdiction over the plaintiffs' other federal-law claims, such as their due process claims, all of which arise out of the same facts.  Although 28 U.S.C. § 1367(c) allows a court to decline to exercise supplemental jurisdiction over state-law claims if the

court "has dismissed all claims over which it has original jurisdiction," the court is not required to do so. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). Simultaneous dismissal on the merits of all federal and state claims promotes "judicial economy, convenience and fairness to litigants" where the state claims do not present complex or novel questions of state law. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130 (1966); *see Accurso v. United Airlines, Inc.*, 109 F. Supp. 2d 953, 961 (N.D. Ill. 2000). In this case, the exercise of supplemental jurisdiction over the state takings claim is particularly appropriate because Texas courts refer to federal law in deciding state-law takings claims. *See Hallco Texas, Inc. v. McMullen County*, 221 S.W.3d 50, 56 (Tex. 2006) (basing decision on federal law); *see also Sigmon v. Southwest Airlines Co.*, 110 F.3d 1200, 1203 (5th Cir. 1997) (noting that exercise of supplemental jurisdiction is appropriate when the claims are decided based on federal law). Therefore, this court's decision on the plaintiffs' state takings claim did not involve unnecessary interpretations of Texas law.

Accordingly, this court has jurisdiction over plaintiffs' state takings claim. Under the Fifth Circuit precedent articulated in *Urban Developers*, a dismissal of that claim on the merits was appropriate.

## CONCLUSION

For these reasons, the plaintiffs' motion is DENIED. The Final Judgment stands as entered. It is so ORDERED.

Signed at Houston, Texas on January 7, 2008.

_____
Gray H. Miller
United States District Judge

4